IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGAR A. VELÁZQUEZ-FONTANEZ,<br><br>*Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent.* | **CIVIL NO.** 19-1794 (DRD)<br>**Related Crim. No.** 13-694-4-DRD |

**OPINION AND ORDER**

Pending before the Court is Edgar A. Velázquez Fontanez (hereinafter, "Petitioner" or "Velázquez") *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 13-694 (DRD). See (Docket No. 1). The United States of America filed a *Response in Opposition* thereto. See Docket No. 3.

For the reasons stated herein, the Court **DENIES** Petitioner's *Motion to Vacate Under 28 U.S.C. § 2255*.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to the Stipulation of Facts in the *Plea Agreement*, the facts of this case are the following. On December 31, 2010, Velázquez along with four (4) co-defendants drove to the Kmart store located at the San Patricio Plaza Mall. *See Plea Agreement*, Docket No. 154 in Cr. No. 13-694 (DRD). Velázquez entered the store armed and hid in the sporting goods department until the store closed. *Id.* Once the store closed, Velázquez approached two (2) night shift employees and announced a robbery. *Id.* The Petitioner struck one of the employees in the head with the butt of his firearm and then tied up the employees and started stealing merchandise, including jewelry and electronics. *Id.* The next day, at around 6:00am, several employees reported

to work at the Kmart store. *Id.* Upon entering the store, the Petitioner announced the robbery at gunpoint and tied them in an office. *Id.* Velázquez then forced the manager at gunpoint to open the safe, took the money that was inside, and left the premises. *Id.* The four (4) co-defendants picked him up outside and drove away with over fifty thousand dollars ($50,000.00) in merchandise and cash. *Id.*

On September 20, 2013, a Grand Jury returned a Five Count Indictment against Velázquez and ten (10) other defendants. Specifically, the Petitioner was charged with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (hereinafter, "Count One"), interference with the commerce by robbery in violation of 18 U.S.C. § 1951(a) and 2 (hereinafter, "Count Three"), and use, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (hereinafter, "Count Five"). *See* Docket No. 3 in Cr. No. 13-694 (DRD).

Velázquez ultimately pleaded guilty to Counts Three and Five of the *Indictment*. *See Plea Agreement* Docket No. 154 in Cr. No. 13-694 (DRD). As part of the plea agreement, Count One was dismissed. On April 22, 2014, Velázquez was sentenced to 71 months of imprisonment as to Count Three and 84 months of imprisonment as to Count Five, to be served consecutively to each other for a total term of 155 months. *See* Docket No. 245 in Cr. No. 13-694 (DRD). As the Petitioner did not file an appeal, the *Judgment* became final fourteen (14) days thereafter.

On August 20, 2019, Velázquez filed the instant § 2255 Petition. *See* Docket No. 1. The Petitioner essentially argues that the Supreme Court ruling in United States v. Davis, 204 L. Ed. 2d 757, 139 S. Ct. 2319 (2019) applies to his case and accordingly, seeks for the Court to vacate his conviction for brandishing a firearm during and in relation to a crime of violence. *See* Docket No. 1. In *Opposition*, the Government argues that "[h]is claim is undeveloped and should be

deemed waived," as he "fail[ed] to include any developed argumentation as to why his conviction and sentence should be vacated." Docket No. 3 at 3.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may prevail in a petition to vacate, set aside, or correct his sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee* Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994).

## III. DISCUSSION

Petitioner filed his § 2255 Petition seeking his sentence to be vacated alleging that the Supreme Court ruling in United States v. Davis, 204 L. Ed. 2d 757, 139 S. Ct. 2319 (2019), applies to his conviction for brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). *See* Docket No. 1.

In *Davis*, the Supreme Court determined that the § 924(c)'s residual clause, which defined a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague". Davis, 139 S. Ct. at 2324.

However, the Supreme Court only invalidated the residual clause of § 924(c) in *Davis*. Therefore, the force clause applies. Section § 924(c) defines a crime of violence under the force

3

clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In fact, the First Circuit has held that the Hobbs Act Robbery is categorically a crime of violence under the force clause of § 924(c). *See United States v. García-Ortiz*, 904 F.3d 102, 109 (2018). Basically, [b]ecause the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause." *Id.* at 109. The Supreme Court has described "physical force" as "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 134, 130 S. Ct. 1265, 1267, 176 L. Ed. 2d 1 (2010). This includes "a degree of force sufficient only to overcome a victim's resistance," "however slight that resistance might be . . .." Stokeling v. United States, 202 L. Ed. 2d 512, 139 S. Ct. 544, 550-551 (2019). As Hobbs Act robbery falls under the force clause of 924(c), the Supreme Court's ruling in *Davis* does not affect its condition as a crime of violence. Therefore, the Petitioner's claim as to *Davis* is unfounded.

On a final note, as correctly argued by the Government, Velázquez's claim does not construe a sufficiently developed argumentation as to why his conviction and sentence should be vacated. The Court is prevented from entertaining claims that lack any developed argumentation as to their merits. "A party has a duty to put its best foot forward before the magistrate: to spell out its arguments squarely and distinctly." *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988). "Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." J. Cajigas & Assocs., PSC v. Municipality of Aguada 2014 WL 320653 (D.P.R. Jan. 29, 2014); *see* Medina-Rivera v. MVM, Inc., 713 F.3d 132, 140-41 (1st Cir. 2013). It is paramount for the Petitioner's claim that the

arguments presented, show an error of constitutional or jurisdictional magnitude in which his rights were clearly violated for relief to be granted.

Merely relying on the Supreme Court ruling in *Davis* without an argument in support thereof, is insufficient to warrant the relief sought. Essentially, a § 2255 Petition that lacks a robust exposition of fundamental arguments that support a finding that the conviction was in clear violation of the Petitioner's constitutional rights or that the Court lacked jurisdiction in convicting the Petitioner will not suffice. Therefore, the Petitioner's request must be **DENIED.**

## IV. CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner, Edgar A. Velázquez Fontane's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 19-1794-(DRD) (Docket No. 1) is meritless and, hence, must be **DENIED.** Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September, 2022.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge